UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SAUL SALOME CABA,

     Petitioner,

     v.

JASEN BOHINSKI, *et al.*,

     Respondents.

CIVIL ACTION NO. 3:25-cv-01720

(SAPORITO, J.)

## ORDER

Saul Salome Caba, incarcerated at SCI-Dallas, proceeds on a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the Pennsylvania Board of Probation and Parole (the "Board"). (Doc. 1). For the following reasons, the Court will deny the petition.

## I. BACKGROUND

On August 9, 1999, Caba received an aggregate sentence of 25½ to 51 years incarceration after he pled guilty to Involuntary Deviate Sexual Intercourse, robbery, burglary, and possession of a firearm without a license. *See Commonwealth v. Caba*, No. CP-15-CR-0002543-1998 (Chester Cty. Ct. Com. Pl.); (Doc. 12-2 at 2). He became eligible for parole on November 11, 2024, and has been reviewed for parole twice. After his

most recent review, the Board denied parole in a written decision dated August 15, 2025, citing the following factors: his "reports, evaluations and assessments" indicating a risk to the community; his "minimization/denial of the nature and circumstances of the offense(s) committed"; his lack of remorse and refusal to accept responsibility for the offenses committed; the nature of his crime; and his prior criminal history. *See* (Doc. 12-4 at 2).

On August 17, 2025, Caba filed an application for parole pursuant to 61 Pa.C.S. § 6139. Among other points, he argued that he had been "denied parole due to [his] ethnic race"; that inmates of other races had been "parole[d] with similar charges"; and that he had "completed everything asked of [him]." (Doc. 12-5). The Board exercised its discretion not to consider Caba's application because it was filed within three years of his last parole review. *See* (Doc. 12-6); 61 Pa.C.S. § 6139(a)(3.3).

Caba filed this petition on September 15, 2025, essentially renewing arguments he made in the August 17 application. In the petition and supplemental filings, he argues that the denial of parole is a violation of his due process rights because he "follow[ed all] parole rules"; that the Board's reasons for denial "bear no rational relationship

to rehabilitation or deterrence"; and that the denial reflects racial discrimination because unspecified "African-American[ ] and Caucasian men . . . with the same or similar charges" were granted parole. He also claims that the Board has "no standing in this matter to state he is a risk to anything" because the Board "is not the victim or the victim's family."

## II.    DISCUSSION

As an initial matter, the respondent argues that the Court lacks jurisdiction because Caba has not exhausted available state remedies.[1] The application of the exhaustion requirement to parole challenges is disputed among courts in this circuit. *See Shoop v. Pennsylvania Bd. of Parole*, No. 1:25-CV-00943, 2025 WL 2178422, at *7-8 (M.D. Pa. July 31, 2025) (reviewing case law and concluding that exhaustion is not required). Because the record demonstrates that Caba is not entitled to relief, we resolve the petition on the merits.

"[T]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," nor

---

[1] Although Caba appears to consider his August 17 application for parole as exhaustion of available remedies, full exhaustion would likely require a petition for writ of mandamus in the appropriate state court. *See Toland v. Pennsylvania Bd. of Prob. & Parole*, 263 A.3d 1220, 1232 (Pa. Commw. Ct. 2021).

has the Commonwealth of Pennsylvania created such a right. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996) (recognizing the general principle that the Pennsylvania parole statute does not create a liberty interest in the right to be paroled); *Coady v. Vaughn*, 770 A.2d 287, 289 (Pa. 2001) ("It is undisputed that [an inmate] does not have a clear legal right to the grant of parole, nor does the board have a corresponding duty to grant the same.").

Pennsylvania law grants the Board vast discretion to deny parole, *see* 61 Pa.C.S. § 6137, and Pennsylvania courts have affirmed the Board's complete discretion to parole a convict. *See, e.g., Reider v. Commw. Pa. Bd. of Prob. & Parole*, 514 A.2d 967, 971 (Pa. Comm. Ct. 1986). The parole statute indicates that the Board "shall consider": the nature and circumstances of the offense; any recommendations made by the trial judge and prosecuting attorney; the general character and background of the inmate; the notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed; and the conduct of the person while in prison along with his physical,

- 4 -

mental and behavioral condition and history and his complete criminal record. *See* 61 Pa.C.S. § 6135(a).

When a prisoner claims that the Board's review violated his due process rights, a federal court's role is limited to reviewing the decision to determine whether the Board exercised its authority in an arbitrary, capricious, or constitutionally impermissible manner. *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980). To show a violation of substantive due process rights, the petitioner must demonstrate that: (1) he was arbitrarily denied parole for impermissible reasons such as race, religion, or political beliefs; or (2) the Board failed to apply appropriate, rational criteria in reaching its determination. *Block*, 631 F.2d at 236. "[F]ederal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady*, 251 F.3d at 487. The "relevant level of arbitrariness required to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberately indifferent.'" *Hunterson v. DiSabato*, 308 F.3d 236, 247 (3d Cir. 2002) (citation omitted).

Here, Caba claims the Board's most recent denial was not justified because he has "follow[ed all] rules" of parole. We construe him to mean that he has completed all required prison programming and has not been cited for misconduct in prison. *See* (Doc. 1-1 at 2). Caba presents no evidence of this, but even assuming it as true, those "rules" were factors to be considered in future reviews, *see* (Docs. 12-3, 12-4), not checkboxes that would entitle him to parole as a matter of law. The Board has denied parole based in part on Caba's risk to the community and the nature of his crimes, among other factors. Those factors are appropriately considered in a parole review, *see* 61 Pa.C.S. § 6135(a), and Caba does not explain how they have "no rational relationship to rehabilitation or deterrence." The Board does not lack "standing" to evaluate his risk to the community, nor is there any requirement to defer to anyone else in assessing that risk. *See, e.g.*, *Mathis v. Rivello*, No. 3:23-CV-225, 2025 WL 524301, at \*9-10 (M.D. Pa. Feb. 18, 2025).

Caba also claims that the Board's decision reflects racial discrimination because "African-American[ ] and Caucasian men . . . with the same or similar charges" were granted parole. However, he offers no evidence supporting this allegation, nor any evidence indicating that the

Board's decision was in any way based on race. *See*, *e.g.*, *Horsey v. Mason*, No. 4:24-CV-00825, 2024 WL 5096221, at *3 (M.D. Pa. Dec. 12, 2024) (petitioner's "bald assertions" of parole denial on racial grounds were "conclusory and lack[ed] any supporting evidence, statistics, or comparator information").[2]

Although Caba believes his conduct in prison warrants greater weight in the parole analysis, the Board's judgment to prioritize other factors, such as his risk to the community, is not a violation of his constitutional rights. *See Coady*, 251 F.3d at 487 ("[T]he requirements of substantive due process are met if there is some basis for the challenged decision."). Ultimately, Caba has not presented evidence of arbitrary, irrational, or "conscience shocking" considerations by the Board that would entitle him to habeas relief. *See Hunterson*, 308 F.3d at 247.

---

[2] Caba also frames this argument as an equal protection claim, but any such claim would fail on the same grounds. Caba's vague allegation about inmates with "similar charges" does not establish that those individuals were similarly situated to him for purposes of a parole review. *See Stradford v. Sec'y Pennsylvania Dep't of Corr.*, 53 F.4th 67, 73-74 (3d Cir. 2022) (for an equal protection claim, a similarly situated person must be "alike in all relevant respects," which requires more than "broad generalities") (quotations and citations omitted).

## III.    CONCLUSION

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.    Caba's petition (Doc. 1) is **DENIED**.

2.    A certificate of appealability shall not issue, because Caba has not demonstrated "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

3.    The Clerk is **DIRECTED** to close this case.

Dated: June 10, 2026                          *s/Joseph F. Saporito, Jr.*
                                              JOSEPH F. SAPORITO, JR.
                                              United States District Judge